IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CURTIS DAVID WEST         *
                          *
v.                        *    Civil Case No. GJH-17-3273
                          *
COMMISSIONER, SOCIAL SECURITY[1]   *
                          *
*************

REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). [ECF No. 8]. I have considered the parties' cross-dispositive motions. [ECF Nos. 22, 23]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that both motions be denied, that the SSA's decision be reversed in part, and that the case be remanded to the SSA for further analysis.

Mr. West filed applications for Disability Insurance Benefits and Supplemental Security Income in July, 2014, originally alleging a disability onset of January 1, 2014.[2] (Tr. 181-91). His applications were denied initially and on reconsideration. (Tr. 99-128). An Administrative Law Judge ("ALJ") held a hearing on January 25, 2017. (Tr. 29-62). Following the hearing, the ALJ determined that Mr. West was not disabled within the meaning of the Social Security Act

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] Mr. West later amended his onset date to January 1, 2016. (Tr. 33-34).

during the relevant time frame. (Tr. 15-28). The Appeals Council denied Mr. West's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Mr. West suffered from the severe impairments of diabetes mellitus and right eye macular degeneration. (Tr. 20). Despite these impairments, the ALJ determined that Mr. West retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he must avoid concentrated exposure to moderate noise and hazards, and he cannot perform work tasks requiring depth perception.

(Tr. 21). After considering testimony from a vocational expert ("VE"), the ALJ determined that Mr. West could perform his past relevant work as a substance abuse counselor, and that, therefore, he was not disabled. (Tr. 23-24).

Mr. West raises a number of arguments on appeal, including: (1) that the ALJ should have found "wet macular degeneration" to be a severe impairment at step two; (2) that the ALJ insufficiently considered the relevant Listings at step three; (3) that the ALJ should have considered the treatment notes from Mr. West's treating ophthalmologist to be opinion evidence; and (4) that the ALJ's RFC assessment was not based on any medical opinions in the record. Pl. Mot. 2-17. I agree that portions of the ALJ's analysis are deficient, and I therefore recommend remand.

Initially, two of Mr. West's arguments are unpersuasive. First, the ALJ determined that Mr. West suffered from the severe impairment of "right eye macular degeneration." (Tr. 20). The omission of the word "wet" from the description of his diagnosis, at step two, does not warrant remand. A claimant's burden of showing one or more severe impairments at step two is only a "*de minimis* screening device used to dispose of groundless claims." *Taylor v. Astrue*, Civil No. BPG-11-032, 2012 WL 294532, at *8 (D. Md. Jan. 31, 2012) (quoting *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (emphasis added)); *see also Felton-Miller v. Astrue*,

459 F. App'x 226, 230 (4th Cir. 2011) ("Step two of the sequential evaluation is a threshold question with a *de minimis* severity requirement.") (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987); SSR 88-3c, 1988 WL 236022 (S.S.A. 1988)). Once a severe impairment is found, the ALJ continues with the sequential evaluation and considers how each of the claimant's impairments impacts his ability to perform work. *See* 20 C.F.R § 404.1520. Later in his decision the ALJ noted Mr. West was diagnosed with "wet macular degeneration." (Tr. 22). Although, as described below, I do believe the ALJ's subsequent evaluation of Mr. West's visual condition was deficient, the description of his macular degeneration during the threshold finding at step two does not provide a basis for remand.

Second, Mr. West's argument that the treatment notes from his ophthalmologist, Dr. Laird, should have been treated as a medical opinion lacks merit. Opinion evidence relates to a claimant's ability to perform work-related functions. *See* SSR 96-5p, 1996 WL 374183 (S.S.A. 1996); 20 C.F.R. § 404.1527(a)(1) ("Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."). Although Dr. Laird's treatment notes do contain diagnoses and information about the severity of Mr. West's impairments, (Tr. 329-89), they do not contain Dr. Laird's judgments on Mr. West's vocational restrictions or his ability to perform tasks. Moreover, if every treatment note or progress report (most of which contain symptoms and diagnoses) were to constitute a medical opinion, the requirement that an ALJ assign weight to each medical opinion in the record would be simply unsustainable. In this case, Mr. West did not offer any opinion evidence from Dr. Laird, or any other treating or examining medical sources.

3

Despite those two unpersuasive arguments, I agree with Mr. West that the ALJ's opinion is deficient in two other respects: (1) his listing analysis and (2) his overall evaluation of Mr. West's visual impairment as it affects his RFC assessment and his ability to perform past relevant work.

Beginning with the ALJ's listing analysis, the ALJ found the following:

> No treating or examining physician has indicated finding [sic] that would satisfy the severity requirements of any listed impairment. Particular attention was given to the listings in sections 2.02-2.04 and 11.02, but the available medical evidence did not demonstrate the specified criteria required of any listing.

(Tr. 21). In *Fox v. Colvin*, 632 F. App'x 750 (4th Cir. 2015), the Fourth Circuit clarified the evidentiary requirements needed to support an ALJ's determination of whether any of a claimant's impairments meets a listing at step three of the sequential evaluation. The ALJ in *Fox* stated:

> Although the claimant has "severe" impairments, they do not meet the criteria of any listed impairments described in Appendix 1 of the Regulations (20 CFR, Subpart P, Appendix 1). No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment of the Listing of Impairments. In reaching this conclusion, the undersigned has considered, in particular, sections 9.00(B)(5) and 11.14.

*Id.* at 754-55. The Fourth Circuit held that the ALJ's analysis was deficient because it consisted of conclusory statements and did not include "any 'specific application of the pertinent legal requirements to the record evidence.'" *Id.* at 755 (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). That is, the ALJ did not apply any findings or medical evidence to the disability listing, and "offered nothing to reveal *why* he was making his decision." *Id.* The Fourth Circuit also rejected the notion that failure to engage in meaningful analysis at step three could constitute harmless error where the evidence of record otherwise demonstrated that the claimant did not meet a listing. *Id.* Rather, the *Fox* Court emphasized that it is not this Court's role to "engage[] in an analysis that the ALJ should have done in the first instance," or "to

speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." *Id.* The *Fox* Court noted that it could not conduct a meaningful review "when there is nothing on which to base a review." *Id.*

In the instant case, the ALJ's analysis is almost identical to that found lacking in *Fox*. *Id.* at 754-55. To properly conclude that specific listings have not been met the ALJ has to engage in the analysis described in *Fox*, which involves comparing the criteria of the listings to the medical evidence of record. *Id.* Here, the ALJ's opinion does not, at any point, contain an assessment of the criteria of any of the four listings that the ALJ identified.

Although the SSA cites to medical evidence in its memorandum suggesting that at least some of the identified listings are not satisfied, Def. Mot. 7-8, Fourth Circuit precedent does not permit this Court to engage in a broad review of the record evidence in the first instance. The *Fox* Court found fault in the ALJ's analysis because he did not "provide any explanation connecting his determination to that of [the claimant's] failure to meet the listing impairment." 632 F. App'x at 755. Thus, regardless of whether there was inconsistent evidence in the record, the ALJ had a duty to connect the requirements of relevant listings to medical findings regarding Mr. West's severe impairments. Furthermore, that duty would not be fulfilled by an ALJ's discussion of medical evidence elsewhere in the decision, unless the evidence was directly connected to the requirements of a listing. *See Smith v. Astrue*, 457 F. App'x 326, 328 (4th Cir. 2011) (citing *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005)) ("Reading the ALJ's decision as a whole, substantial evidence supports the finding at step three of the sequential evaluation process as the ALJ's analysis at subsequent steps of the evaluation are inconsistent with meeting Listing 1.02."). Moreover, *Fox* and its progeny seem to preclude a "harmless error" analysis by prohibiting a *de novo* review of the record to see whether evidence supporting a listing is contained therein. Accordingly, remand is warranted.

In addition, looking at the ALJ's overall evaluation of Mr. West's visual impairment, the only medical opinion in the record was one rendered by a State agency medical consultant on January 20, 2015. (Tr. 117-118; 125-26). Mr. West's amended alleged onset date is January 1, 2016, almost a full year later. Mr. West did not begin experiencing serious visual symptoms until May, 2015, and his diagnosis of wet macular degeneration occurred in March, 2016. (Tr. 388). One of the symptoms reported repeatedly in the medical records is blurred vision in his right eye, (Tr. 329, 335, 343, 349, 355, 366, 372), which is the primary factor Mr. West cites for his decision to cease work as a drug counselor. (Tr. 43) ("My vision was blurred, I couldn't see the computer."). The ALJ did not expressly consider, at any point, the impact that blurred vision in one eye might have on Mr. West's ability to perform a job involving the use of a computer to prepare and view treatment records. Moreover, the ALJ did not have the benefit of any medical professional reviewing the records of Mr. West's visual impairment to ascertain the impact of the impairment on his functional capacity. The ALJ cites to Mr. West's ability to drive, (Tr. 22), but his testimony that he occasionally drives short distances does not establish his ability to sustain work at a computer screen for an eight-hour workday. Accordingly, I recommend remand for the ALJ to provide an adequate listing analysis and to support his conclusions with substantial evidence regarding Mr. West's ability to perform his past relevant work despite his visual limitations.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment [ECF No. 23];

2. the Court DENY Mr. West's Motion for Summary Judgment [ECF No. 22];

3. the Court REVERSE IN PART due to inadequate analysis the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g);

4. the Court REMAND this case to the SSA for further proceedings in accordance with this opinion; and

5. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: September 7, 2018               /s/
                                       Stephanie A. Gallagher
                                       United States Magistrate Judge